# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTURY SURETY COMPANY, ) | |
| ) | |
| Plaintiff, ) | Judge Blanche M. Manning |
| ) | |
| v. ) | Case No. 04 C 7997 |
| ) | |
| JOHN B., INC., d/b/a ) | |
| JOHN BARLEYCORN; J.B. at CLARK ) | |
| INC.,; and MATTHEW SIRMON ) | |

## MEMORANDUM AND ORDER

Plaintiff Century Surety has filed a motion for judgment on the pleadings with respect to its declaratory judgment action against defendants John B., Inc., d/b/a John Barleycorn ("Barleycorn"); J.B. at Clark, Inc.("JB"); and Matthew Sirmon ("Sirmon"). For the reasons stated below, the motion is granted.

**I.     Background**

Sirmon filed a complaint in the Circuit Court of Cook County against defendants in the instant action, among others, John B., Inc. d/b/a John Barleycorn and J.B. at Clark, Inc. styled *Matthew Sirmon v. John B., Inc. d/b/a John Barleycorn*, et al., 04 L 12564 ("Underlying Action"). In general, the Underlying Action alleges negligence, battery, negligent hiring and supervision, and dram shop liability for injuries Sirmon allegedly sustained as a result of an altercation with bouncers at a bar/dram shop owned and operated by Barleycorn and JB.

Century filed the instant action seeking a declaration that it owes no insurance coverage obligations to the defendants Barleycorn and JB in connection with the Underlying Action.

## II. Standard for Motion for Judgment on the Pleadings

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings "under Rule 12(c) is reviewed under the same standard as a motion to dismiss under 12(b): the motion is not granted unless it appears beyond doubt that the plaintiff can prove no facts sufficient to support his claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations." *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000). A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *Id*. at 452-53.

## III. Analysis

### A. Preliminary issues

#### 1. Jurisdiction

Barleycorn and JB have responded to Century's motion by asserting that the court does not have jurisdiction to hear this case. Specifically, Barleycorn and JB contend that, consistent with the denial in their answer, the $75,000 amount in controversy has not been met. According to JB and Barleycorn, because the state court has not determined liability, the indemnification claim is premature and therefore only costs of defense can apply to the amount in controversy. Thus, Barleycorn and JB argue, because Century has not come forward with evidence that the

costs of defense will exceed $75,000, jurisdiction does not exist.

Prior to addressing the merits of the motion for judgment on the pleadings, the court must satisfy itself that jurisdiction properly lies in this court. The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). A defendant meets this burden by supporting its allegations of jurisdiction with "competent proof," such as, "evidence which proves to a reasonable probability that jurisdiction exists." *Id.* "Only if it were legally impossible for [the plaintiff] to win on claims totaling more than $75,000 would [the] suit fail for want of jurisdiction." *Geschke v. Air Force Ass'n*, 425 F.3d 337, 341 (7th Cir. 2005) (citations omitted).

Whether or not diversity jurisdiction exists is determined at the outset of the case, *id.*; thus, the court looks to the initial complaint filed in the Underlying Action to determine whether the amount in controversy is satisfied. To the extent that Barleycorn and JB argue that only defense costs can be used to determine the amount in controversy, this court rejects that argument as a matter of law. Simply because liability has not been established in the Underlying Action does not mean that it is impossible for Sirmon to win on his claims *assuming they total more than $75,000*. *Id*. ("that there may be a plausible argument that the plaintiff's claims must fail as a matter of law does not mean the court lacks jurisdiction to consider them.") (citations omitted).

The problem the court faces is that Century has not provided it with a copy of the initial complaint filed in the Underlying Action, only the First Amended Complaint ("FAC") (which satisfies the $75,000 requirement). As such, just considering the documents submitted to it regarding the instant motion for judgment on the pleadings, the court has no basis on which to

ascertain whether the $75,000 requirement was met at the outset of the case.

Fortunately for Century, however, a copy of the initial complaint in the Underlying Action is attached to Century's original complaint in the instant declaratory judgment action. The initial complaint in the Underlying Action contains four counts including negligence, battery, negligent hiring and supervision, and a dram shop action, and requests $50,000 of damages as to each count. Because aggregation is appropriate, *id*. ("'It is the case, rather than the claim, to which the $75,000 minimum applies.'") (citation omitted), the claims clearly meet the jurisdictional amount. The court thus finds that diversity jurisdiction properly lies here. The court, however, cautions Century that in the future, the court may not be willing to search for and take notice of pleadings not brought before it in the motion at hand.[1]

### 2. Superseded complaint

In their response, JB and Barleycorn also seek to strike the motion for judgment on the pleadings because it is based on the FAC in the Underlying Action and not the currently pending Third Amended Complaint ("TAC"). According to JB and Barleycorn, the TAC contains allegations of negligence which may trigger coverage and a duty to defend by Century.

Century first responds with the argument that if the court were to consider the TAC, it would need to convert the motion for judgment on the pleadings to a Rule 56 motion for summary judgment. Fed. R. Civ. P 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be

---

[1]Century moves to strike Exhibit A of JB and Barleycorn's response, which is an offer of settlement to Century by JB and Barleycorn in the instant case. Because the court has determined that the jurisdictional amount has been met for other reasons, and did not consider Exhibit A in its determination, Century's motion is denied as moot.

treated as one for summary judgment and disposed of as provided in Rule 56."). It makes no sense to this court to claim that despite the fact that a party moved for judgment on the wrong pleading, if the court wanted to take notice of the correct (i.e., most current pleading) pleading, it would be required to convert the motion to one for summary judgment.

It is true, however, that the TAC, by not referencing or adopting the prior pleading, caused the FAC to become a nullity. *Roy v. Coyne*, 630 N.E.2d 1024, 1046 (Ill. App. Ct. 1994) ("Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn."). Thus, Century has moved for judgment on a pleading that has been withdrawn and abandoned. To the extent that Century's motion for judgment on the pleadings is based on the FAC, it is stricken. However, given that Century relies on the TAC in its reply brief, the court will construe the motion for judgment on the pleadings as being directed to the TAC.[2]

B. *Merits*

1. Applicable Law

Century seeks judgment on the pleadings on the ground that it has no duty to defend the Underlying Action, and therefore, because there was no duty to defend, it had no duty to indemnify.

As noted recently by the Illinois Appellate Court:

---

[2]The court cautions Century that arguments raised for the first time in reply briefs need not be considered by the court. Indeed, the fact that Century moved for judgment on the pleadings on the wrong complaint in the Underlying Action demonstrates a lack of attention that would certainly warrant disregarding the reply. However, in the interests of justice and moving this case forward, the court will take judicial notice of the TAC and consider Century's arguments in relation to that pleading.

> Addressing the issue of an insurer's duty to defend its insured, our supreme court in *U.S. Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 73, 161 Ill.Dec. 280, 578 N.E.2d 926 (1991), stated:
>
>> "If the underlying complaints allege facts within or potentially within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. [Citation.] An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. [Citation.] Moreover, if the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within the potential coverage of the policy. [Citation.]" (Emphasis in original.)
>
> Moreover, in determining whether an insurer has a duty to defend its insured, it is the alleged conduct, and not the labeling of the claim in the complaint, that is controlling. *See Lexmark International, Inc. v. Transportation Insurance Co.*, 327 Ill.App.3d 128, 136-37, 260 Ill.Dec. 658, 761 N.E.2d 1214 (2001) ("We give little weight to the legal label that characterizes the underlying allegations. Instead, we determine whether the alleged conduct arguably falls within at least one of the categories of wrongdoing listed in the policy.").

*Steadfast Ins. Co. v. Caremark Rx, Inc.*, 835 N.E.2d 890, 896 (Ill. App. Ct. 2005). Thus, an "insurer has a duty to defend only when the complaint alleges facts which bring the case within or potentially within the policy coverage." *Liberty Mut. Fire Ins. Co. v. St. Paul Fire and Marine Ins. Co*, --- N.E.2d ----, 2005 WL 3481344, at *5 (Ill. App Ct. Dec. 20, 2005) (quoting *Hawkeye Security Insurance Co. v. Hodorowicz*, 406 N.E.2d 146 (Ill. App. Ct. 1980)).

Century argues that the allegations in the TAC, which all relate to "Barleycorn and JB causing or contributing to the intoxication of any person, committing an assault or battery, negligence in preventing an attack, negligence in hiring, training, and or supervision of employees which resulted in the attack, and actions arising under the [Illinois] Dram Shop Act" are excluded from the Century policy.

*2.* <u>Relevant Policy Provisions</u>

The policy provides coverage for "bodily injury" as defined in the policy.[3] However, the policy also contains the following relevant exclusions:

**SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT**

3. In consideration of the premium charged this policy has been issued subject to the following exclusions being added to Coverages A & B: This insurance ***does not*** apply to: (emphasis added)

   * * *

9. **Failure to Maintain Secure or Safe Premises**

   Claims arising out of, caused by, resulting from, or alleging, in whole or in part, ***any insured or additional insured's failure to thwart, foil, avoid, hinder, stop, lessen or prevent any attack, fight, assault, theft, or crime***. The company has no obligations to defend or indemnify any such claims. (emphasis added).

10. **Liquor Liability**

    * * *
    We have neither a duty to defend nor a duty to indemnify any insured if any proximate or contributing cause of an occurrence arises out of the:

    a. Causing or contributing to the intoxication of any person;
    b. Furnishing or alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
    c. ***Violation of any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages***. (emphasis added)

---

[3]The policy states that it applies to "bodily injury" that is caused by an "occurrence" and "occurrence" is defined as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." Thus, given that the insurance only covers for bodily injury resulting from an accident, and the events described in the TAC do not appear to be the result of an accident, it does not appear that the policy covers the type of injuries alleged herein. However, given that Century does not make this argument, the court makes note of this observation and moves on to the parties' arguments.

\* \* \*

## EXCLUSION – ASSAULT AND BATTERY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY PART

1. This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:

    (a) any actual, threatened or alleged assault or battery;

    (b) the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;

    (c) the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;

    \* \* \*

    (e) the negligent:

        (i) employment;
        (ii) investigation;
        (iii) supervision;
        (iv) training;
        (v) retention;

    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1.(a), (b), (c) or (d) above;

    (f) any other cause of action or claim arising out of or as a result of 1.(a), (b), (c) or (d) above;

2. We shall have no duty to defend or indemnify any claim . . . where

    (a) any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

(B) any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.

(c) any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

\* \* \*

**ABUSE OR MOLESTATION EXCLUSION**

\* \* \*

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
2. The negligent:
    a. Employment;
    b. Investigation;
    c. Supervision;
    d. Reporting to the proper authorities, or failure to so report; or
    e. Retention;
   Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1 above.

3. <u>Allegations in Third Amended Complaint</u>

As noted above, the TAC contains the following causes of action and allegations:

   a. *Negligence*

In the Underlying Action, Sirmon alleges that Barleycorn and JB were negligent by: failing to implement policies and procedures to prevent bouncers from using excessive force; failing to implement policies and procedures to quickly respond to situations where the bouncer represents a danger to the plaintiff; failing to remove said bouncers from the premises when they

Page 9

knew the bouncers represented a danger to the plaintiff; failing to intervene when they knew the bouncers represented a danger to the plaintiff; failing to detain the bouncers who attacked the plaintiff "thereby denying the Plaintiff an opportunity to leave said premises prior to the attack"; failing to warn the plaintiff when they knew the bouncers presented a danger to the plaintiff; allowing the bouncers to use excessive force in the in the handling of the plaintiff; and failing to summon the police.

The policy specifically excludes claims arising out of "any insured or additional insured's failure to thwart, foil, avoid, hinder, stop, lessen or prevent any attack, fight, assault, theft, or crime." Moreover, the policy states that Century has no duty to defend or indemnify "any actual or alleged injury [which] arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury." Finally, the abuse or molestation exclusion excludes "actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured" as well as the negligent: employment; investigation; supervision; reporting to the proper authorities, or failure to so report; or retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by the previous paragraph (i.e., the general abuse and molestation exclusion).

Because all of Sirmon's claims in the negligence count are excluded under the policy, the court grants Century's motion for judgment on the pleadings as to the negligence counts.

### b. Battery

According to Sirmon, while under the control, direction, and employ of JB and Barleycorn, the bouncers grabbed the plaintiff, held him down, and punched and choked him

repeatedly, thus committing the act of intentional battery.

The policy includes a specific exclusion entitled "Exclusion – Assault and Battery." This exclusion expressly states that the insurance does not apply to bodily injury arising out of or resulting from "any actual, threatened or alleged assault or battery" or the "failure of any insured . . . to prevent or suppress any assault and battery." Moreover, the policy specifically excludes claims arising out of "any insured or additional insured's failure to thwart, foil, avoid, hinder, stop, lessen or prevent any attack, fight, assault, theft, or crime." Thus, the court finds based on these provisions that the coverage for liability for battery is specifically excluded. The motion for judgment on the pleadings as to the battery count is granted.

     *c.*  *Negligent Hiring and Supervision*

Sirmon contends that JB and Barleycorn were careless and negligent in: hiring employees in the bouncer capacity; permitting the employees to serve in the capacity of bouncers and/or security personnel without any prior verification of their training or experience as bouncers; permitting the bouncers to continue in their employ after prior incidents of excessive force or battery. He thus alleges that Barleycorn and JB knew the bouncers were dangerous to patrons; allowed their employees to attack and beat the plaintiff; failed to train said employees in the use of force and control of its patrons that such failure was likely to result in injury to patrons; failed to properly supervise its bouncers and allowed them to attack and beat the plaintiff while they were in the employ of JB and Barleycorn; and failed to warn the patrons of the bouncers' dangerous propensities although they knew of should have known that such warning was reasonably necessary to prevent injury to the patrons.

The same assault and battery exclusion discussed above also excludes the negligent

employment, training, supervision, or retention of a person for whom any insured is or was legally responsible for an assault and battery. Because the negligent hiring and supervision counts, which are based on the alleged battery, are expressly excluded, the court grants the motion for judgment on the pleadings as to this claim.

        d.     *Illinois Dram Shop*

These counts allege that JB and Barleycorn owned and operated a tavern, were engaged in the business of dispensing of alcoholic liquor to the public, sold or gave certain bouncers alcoholic liquors which caused their intoxication, and continued to do so despite their awareness that the bouncers were intoxicated. Sirmon alleges that these bouncers attacked him and that JB and Barleycorn are liable for his injuries under the Illinois Dram Shop Act, 235 ILCS 5/6-21.

This claim is clearly excluded by the Special Exclusion relating to Liquor Liability, which expressly states that the Century has no duty to defend or indemnify if any proximate or contributing cause of an occurrence arises out of the "violation fo any statute, . . . relating to the sale, gift, distribution or use of alcoholic beverages." The provision further states that the exclusion applies regardless of whether the insured is in the business of selling or serving alcoholic beverages. Even assuming the injury here is properly defined as an "occurrence" under the policy, this provision clearly excludes the Dram Shop counts. The motion for judgment on the pleadings as to this claim is also granted.[4]

---

[4]The court notes that given that it has determined that the policy exclusions apply, it could be argued that Century has not met its burden to show that the jurisdictional amount has been met. *Geschke,* 425 F.3d at 341 ("Only if it were legally impossible for [the plaintiff] to win on claims totaling more than $75,000 would [the] suit fail for want of jurisdiction.") (citations omitted). Nevertheless, whether based on jurisdiction or on the merits, the case is dismissed in its entirety.

*4.* <u>Plaintiff's Responses</u>

Sirmon's arguments in response to Century's motion do not alter this court's conclusions. As an initial matter, Sirmon does not offer any argument as to whether the exclusions cited above apply. He simply argues that the motion should be stricken because it is based on the incorrect pleading, which the court has already rejected above. Second, he argues that the policy exclusions should be stricken as against public policy because they cause the policy to be illusory. As noted by Century, "[a]n illusory policy is one that appears to be a promise, but on closer examination reveals that the promisor has not promised to do anything." *W.E. Erickson v. Chicago Title Ins.*, 641 N.E.2d 861, 864 (Ill. App. Ct. 1994).

However, Sirmon acknowledges in his response that the policy covers some injuries resulting from certain factual situations, just not the ones at issue here. That is not illusory. If JB and Barleycorn had wanted coverage for the situations excluded by the Century policy, they should have paid for them in this policy, or alternatively, sought coverage for the types of claims at issue elsewhere. The exclusionary language is clear and straightforward and neither JB nor Barleycorn make any argument that they believed they were getting coverage for the claims at issue (and paid for that coverage) but did not actually get it.

Finally, Sirmon contends that because the TAC in the Underlying Action adds additional defendants, the court should postpone ruling on this motion until those defendants have been served and answer the TAC. However, the motion for judgment on the pleadings is as to the instant declaratory action in this court as to which all defendants have answered, not the TAC in the Underlying Action. Postponing a ruling until all of the defendants answer in the Underlying Action is unnecessary.

## IV. CONCLUSION

For the reasons stated above, Century's motion for judgment on the pleadings is granted.

ENTER:  _____
**Blanche M. Manning**
**United States District Judge**

**DATE:** January 17, 2006